UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXIS EVERINGTON
AND
RICHARD WHITE

    Plaintiffs,

v.                                                 Case No. 8:23-CV-2386-JLB-NHA

TIMOTHY J. RIESEN,

    Defendant.
_____

## Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted planning conferences on 1/22/2024. Dale R. Sisco and Cynthia C. Sonnemann, Counsel for the Plaintiffs, and Erik Johanson, Counsel for the Defendant, attended the conferences.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 2/5/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/2/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).    Plaintiff | 7/29/2024 |
| Defendant | 8/29/2024 |
| Rebuttal | 9/30/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 10/28/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 1/3/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Enter mediator's name, address, and phone number. | 2/21/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/28/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 5/12/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/30/2025 |
| Month and year of the trial term. | 6/2/2025 |

The trial will last approximately 3 days and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

**THIS CASE INVOLVES AN ACTION FOR BREACH OF AN ORAL CONTRACT, CONSTRUCTIVE TRUST, UNJUST ENRICHMENT, AND BREACH OF A FIDUCIARY DUTY REGARDING THE SALE OF A COMPANY.**

4. **Disclosure Statement**

   ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

3

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects: the parties' claims and defenses.

   C. Discovery should be conducted in phases:

      The parties disagree about whether or not discovery should be conducted in phases. Defendant requests that discovery regarding the issue of liability should be conducted prior to any discovery concerning the terms of the alleged sale. Plaintiffs disagree as the phased discovery will delay resolution of the claim, result in duplicative discovery and increased costs. Any concern regarding the confidentiality of the sale terms can be resolved by the entry of an appropriate confidentiality order.

      ☐ No.
      ☐ Yes;

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☐ No.
      ☒ Yes; There is potential discovery stored on various electronically stored information including phones and computers.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

SISCO-LAW

*/s/ Dale R. Sisco*
Dale R. Sisco, Esq.
dsisco@sisco-law.com
Florida Bar No. 559679
Peter A. Luccarelli, III
pluccarelli@sisco-law.com
Florida Bar No. 1030952
Cynthia C. Sonnemann
csonnemann@sisco-law.com
Florida Bar No. 605581
777 S. Harbour Island Blvd.
Suite 320
Tampa, FL  33602

ERIK JOHANSON PLLC

*/s/ Erik Johanson*
Erik Johanson, Esq.
Florida Bar No. 106417
Joseph R. Boyd, Esq.
Florida Bar No. 1039873
3414 W Bay to Bay Blvd
Suite 300
Tampa, Florida 33629
(813) 210-9442
erik@johanson.law
jr@johanson.law
ecf@johanson.law

(813) 224-0555  *Counsel for the Defendant*
(813) 221-9736 Facsimile
*Counsel for the Plaintiffs*