## SPECIAL MEETING BY UNANIMOUS CONSENT OF THE SOLE SHAREHOLDER AND DIRECTOR OF MADISON SPRINGFIELD INC. PURSUANT TO SECTION 6.201 OF THE TEXAS BUSINESS ORGANIZATIONS CODE

The undersigned, being the sole shareholder and director of Madison Springfield Incorporated (MSI) and being entitled to vote upon the resolutions hereinafter set forth, does hereby consent that the resolutions set forth below are deemed to be adopted to the same extent and to have the same force and effect as if adopted by unanimous consent in formal meetings of the shareholders and directors of the Corporation duly called and held for the purpose of acting upon a proposal to adopt such resolutions:

"RESOLVED, That the Incentive Stock Option Agreement executed on 12 November, 2013 shall be amended to grant Employee an option to purchase 25% of the outstanding and issued common stock, being 250 shares of the common stock of MSI, fully-paid and non-assessable at a price of $1.00 per share."

Dated    21 November, 2016.

Timothy J. Riesen

**EXHIBIT "E"**

-1-

**MADISON SPRINGFIELD INC.**

**Incentive Stock Option Agreement**

The Incentive Stock Option Agreement is executed on 21 November, 2016 by and between Madison Springfield, Inc. ("MSI"), a Texas corporation, and Richard White, ("Employee") whose address is 7 Fernshaw Road, London, United Kingdom, SW10 0TB. Employee is a valued employee of MSI, and as an incentive for Employee to remain with MSI and to give increased effort during the term of employment, MSI grants Employee an option to acquire shares of the common stock of MSI subject to the following terms and conditions.

1.    MSI grants Employee an option to purchase 25% of the outstanding and issued common stock, being 250 shares of the common stock of MSI, fully-paid and non-assessable at a price of $1.00 per share. This option is exercisable only as provided in this agreement and pursuant to the terms of the MSI Incentive Stock Option Plan.

2.    Employee's option to purchase such shares may only be exercised:

    (a)    upon a change of control of the Corporation, meaning (i) the sale or other transfer of the ownership of more than 50% of the outstanding shares of the Corporation's stock, (ii) a merger, reorganization or other consolidation of the Corporation into or with another entity that results in the Corporation's ownership (immediately before such merger or consolidation) owning less than a majority of the new entity (or, if the surviving entity is a wholly owned subsidiary, it parent immediately after such merger, reorganization consolidation), or (iii) the sale or liquidation of all or substantially all of the Corporation's assets; and

    (b)    Employee is still employed by MSI at the time of such change of control.

3.    MSI will give Employee notice of any such change of control or pending change of control, if Employee still holds an option to acquire MSI shares. Employee may exercise the option by giving MSI a cashier's check or other readily available funds for the purchase price of the stock being acquired (being $1.00 per share multiplied by the number of shares being acquired) and, if required, executing and delivering a form provided by MSI giving notice of the exercise of the option.

4.    If the triggering event for the exercise of the option is a change of control in which all other shareholder of MSI are selling or otherwise transferring their shares of MSI stock, then Employee shall be required to sell any shares issued pursuant to this agreement on the same terms and conditions, and Employee agree to execute any documents necessary for such purpose. In such case, MSI may, at its discretion, convey the option shares directly to the purchaser and Employee

-2-

shall be paid in cash or other consideration for the transfer of Employee's shares pursuant to this "drag-along" right. In addition, if all other shareholders of MSI are selling or transferring their shares as a part of the change of control event, then Employee shall have the right to sell any shares acquired under this option for the same terms and conditions.

5.      If not previously exercised, this option shall automatically terminate on the earlier to occur of ten years after the date of grant (being the date this agreement is executed) or the date Employee separates from service as an employee of MSI.

6.      In the event of any stock split, reverse stock split or other reconfiguration of stock issued by MSI, Employee's option shall be similarly reconfigured proportionately to the number of shares granted in this original option.

7.      This agreement, and the grant of the option to Employee, does not create any obligation on the part of MSI to retain Employee as an employee, nor any obligation on the part of Employee to remain as an employee of MSI.

8.      Unless MSI, at the time Employee exercises this option, has filed an effective registration statement with the Securities and Exchange Commission under the Securities Act of 1933, as amended (the "Act of 1933"), with respect to the sale of the shares of stock to be issued upon exercise of this option, Employee's right to exercise the option is subject to MSI's authority to require, as a condition of the delivery of any shares pursuant to the exercise of the option, the delivery to MSI of a letter satisfactory to MSI's counsel (a) representing that Employee intends to acquire the share of stock acquired upon exercise of the option for investment for Employee's own account and without a view to the resale or distribution of such shares, (b) agreeing that Employee will not sell or transfer those shares in the absence of an effective registration statement file with the Securities and Exchange Commission under the Act of 1933 with respect to such transfer; or an opinion of counsel satisfactory to MSI that such sale or transfer is not required to be registered under the Act of 1933 or any applicable state securities law or regulation.

9.      This agreement is made in, will performed in, and governed by the laws of the State of Texas.

10.     Employee acknowledges that he/she has had the opportunity and has been advised to consult with independent legal and tax counsel with respect to the consequences of this agreement and the option granted hereunder.

Madison Springfield Incorporated:

By: _____
Timothy J. Riesen, Chief Executive Officer

Employee:

By: _____
Richard White