# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ALEXIS EVERINGTON and RICHARD WHITE,<br><br>    Plaintiffs,<br>v.<br><br><br>TIMOTHY J. RIESEN<br><br>    Defendant. | Case No.  8:23-cv-02386-JLB-NHA |

## PLAINTIFFS' UNOPPOSED MOTION TO SEAL

Plaintiffs, Alexis Everington and Richard White, (collectively "Plaintiffs"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 83 and Local Rule 1.11, as well as other applicable law, respectfully request this honorable Court enter an order sealing certain documents filed in the docket.  As grounds therefore, Plaintiffs state as follows:

### Introduction

1. On November 17, 2025, Defendant filed a motion to compel, attaching Plaintiffs' interrogatory answers that contained a chart of highly sensitive information (Doc. 93.1, pp. 8-10 and 93.3, pp. 7-9).

2.    On January 19, 2026, Defendant filed another motion to compel, attaching Plaintiffs' interrogatory answers that contained a chart of highly sensitive information (Doc. 114-3, pp. 10-13 and 114-4, pp. 12-15).

1

3. The parties are under this Court's Stipulated Protective Order (Doc. 77) and this discovery information was inadvertently filed. Both parties have abided by the Protective Order with the understanding that discovery information produced by both parties contain highly confidential information. Likewise, the charts filed contain highly confidential information.

4. It has recently come to the undersigned's attention that a journalist is mining this court's docket and has recently published this sensitive information.

5. In order to prevent the further distribution of such information and to prevent other such information from being obtained by others from this Court's docket, the Plaintiffs request that the discovery information as identified be placed under seal.

## Legal Argument

6. This Court has the authority to seal court records when appropriate circumstances exist. Federal Rule of Civil Procedure 83 provides that district courts may regulate practice in any manner consistent with federal law and the district's local rules. Fed. R. Civ. P. 83 (2026).

7. Under Eleventh Circuit precedent, when determining whether to seal judicial records, courts must balance the competing interests of the parties in light of the relevant facts and circumstances of the particular case.

8. The common law right of access standard requires courts to conduct a balancing test to compare the respective interests of the parties, particularly where a

party seeks to protect material that would otherwise be subject to a protective order under Rule 26 of the Federal Rules of Civil Procedure.

9. Thus, the Eleventh Circuit recognizes a common-law right of access to judicial records, but that right "is not absolute" and may be overcome by a showing of good cause. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

10. In determining whether good cause exists to seal judicial records, courts in this Circuit balance the public's right of access against the party's interest in keeping the information confidential. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). Relevant factors include:

    a. whether allowing access would impair court functions or harm legitimate privacy interests;

    b. the degree of and likelihood of injury if the information is made public;

    c. the reliability of the information;

    d. whether the information concerns public officials or public concerns; and

    e. the availability of a less onerous alternative to sealing.

*Id.*; *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 62–63 (11th Cir. 2013).

11. Additionally, where materials were produced pursuant to a protective order and contain proprietary or sensitive information, courts routinely find good cause to seal. *Romero v. Drummond Co.*, 480 F.3d at 1246; *Chicago Tribune*, 263 F.3d at 1313.

12. Indeed, the "right of access does not apply to discovery" the matter at issue here. *Romero v. Drummond Co.*, 480 F.3d at 1245; *See McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989). Therefore, this weighs heavily in favor of sealing the discovery information. Furthermore, there has been no waiver of such information because upon learning of the information being published, this motion was promptly filed.

13. Importantly, confidentiality imposed by Rule 26 is not automatically forfeited when material is admitted in connection with a substantive motion. Rather, courts must still conduct a balancing test to determine whether sealing is appropriate.

14. In this case, the balance of interests also weighs heavily in favor of sealing the confidential information for the following reasons:

> a. The information at issue contains sensitive information pertaining to highly sensitive research conducted on behalf of the United States government in hostile countries;
>
> b. Public disclosure of this information would cause substantial harm to Plaintiffs' and their research network in such countries;
>
> c. Public disclosure of this information would constitute potential harm to the United States government.

15. This discovery information was intended to remain confidential and outside of the public domain.

16. The public interest in accessing this specific discovery information is minimal compared to the potential harm from disclosure; and sealing only the confidential portions of the filing is a narrowly tailored remedy that preserves public access to the remainder of the court record.

17. Courts in the Eleventh Circuit have recognized that the inadvertent filing of confidential information provides good cause for sealing when the information is sensitive and was intended to remain confidential.

18. The relief requested is narrowly tailored, as Plaintiffs seek only to seal the specific confidential information, not the entire document.

WHEREFORE, For the foregoing reasons, Plaintiffs, Alexis Everington and Richard White, respectfully request that this Court:

1. Enter an order directing the Clerk to place under seal the confidential information contained in Doc. 93.1 at pp. 8-10; Doc. 93.3 at pp. 7-9; Doc. 114-3 at pp. 10-13 and Doc. 114-4, pp. 12-15;
2. If the Court determines it is appropriate to do so, direct Defendant to file a properly redacted version of the document for public access; and
3. Grant such other and further relief as this Court deems just and proper.

[Intentionally left blank]

**Local 3.01(g) Certification**

Pursuant to Local 3.01(g), the undersigned certifies that she has conferred with opposing counsel and opposing counsel does not oppose the relief requested herein.

Respectfully Submitted,

SISCO-LAW

 /s/ Cynthia C. Sonnemann
Cynthia C. Sonnemann
csonnemann@sisco-law.com
Florida Bar No. 605581
Dale R. Sisco
dsisco@sisco-law.com
Florida Bar No. 559679
Peter A. Luccarelli, III
pluccarelli@sisco-law.com
Florida Bar No. 1030952
777 S. Harbour Island Blvd.
Suite 320
Tampa, FL  33602
(813) 224-0555
(813) 221-9736 Facsimile
*Counsel for the Plaintiffs*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2026, a true and correct copy of the foregoing has been furnished via mail or filed electronically via CM/ECF to all counsel of record and to the following parties:

Erik Johanson, Esq.
Florida Bar No. 106417
(Lead Trial Counsel)
Joseph R. Boyd, Esq.
Florida Bar No. 1039873
ERIK JOHANSON PLLC
3414 W Bay to Bay Blvd
Suite 300
Tampa, Florida 33629
(813) 210-9442
erik@johanson.law
jr@johanson.law
ecf@johanson.law
H. Scott Johnson, Jr., Esq.
Virginia Bar No. 41586
District of Columbia Bar No. 464415
DUNLAP BENNETT & LUDWIG PLLC
8300 Boone Boulevard, Suite 250
Vienna, Virginia 22182
(703) 777-7319 (Tel.)
sjohnson@dbllawyers.com
*Pro Hac Vice*
*Counsel for Defendant Timothy J. Riesen*

            */s/ Cynthia C. Sonnemann*
            Attorney